Alan H. Sklarsky, Esquire
**WILLIAMS CUKER BEREZOFSKY, LLC**
210 Lake Drive East Suite 101
Cherry Hill, NJ 08002
Phone: (856) 667-0500
Facsimile: (856) 667-5133
asklarsky@wcblegal.com

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| KAREN LADO, | Civil Action No. |
| Plaintiff, | |
| | ECF CASE |
| vs. | |
| HARLEYSVILLE LIFE INSURANCE, | **COMPLAINT** |
| Defendants. | |

_____

Now comes the Plaintiff, KAREN LADO, residing at 870 Powell Street, Gloucester City, New Jersey 08030, by way of Complaint against the Defendant, and alleges as follows:

### INTRODUCTION

1. This is a claim seeking payment of disability income benefits to KAREN LADO (hereinafter "LADO"), pursuant to the HARLEYSVILLE LIFE INSURANCE COMPANY GROUP LONG TERM DISBILITY PLAN ("LTD Plan") (a true and accurate copy thereof is attached hereto and by that reference incorporated herein as Exhibit "A"). Plans are administered by the Harleysville Life Insurance Company.

2. LADO brings this action pursuant to section 502( a) (1) (B) of the Employment Retirement Income Security Act of 1974 ("ERISA") (20 U.S.C. section 1132(a)(1)(B)) due to

HARLEYSVILLE LIFE INSURANCE COMPANY and the PLAN'S denial of her claim for long term disability (LTD) benefits under the PLAN'S direct contravention of the PLAN'S requirements, terms, conditions, despite the fact that Defendants were fully aware of her well-established conditions, which entitled her to LTD benefits.

3. This complaint alleges the following (1) Defendant unlawfully and unreasonably denied LADO'S benefits without justification and without granting her a full and fair review of her claim for benefits; (2) Defendant improperly rejected and ignored the opinion of LADO'S treating physicians in an attempt to deprive her of LTD benefits due; (3) Defendant improperly introduced extra-contractual requirements beyond the proof of claim set forth in the Plan; (4) Defendant failed to provide a reasonable claims procedure that would yield a decision on the merits; (5) Defendant improperly conducted a biased review of the claim which led to a denial of benefits due; (6) Defendant conducted an improper review, which violated ERISA and Harleysville's own claim procedures with the intent of furthering their own financial interests; (7) Defendant failed to discharge its claims processing duties solely in the interests of the Plan participants and beneficiaries, in accordance with USC section 1104(a)(1); and (8) Defendant disregarded that LADO was found to be disabled by the Social Security Administration under a standard that requires she meet a burden higher than the standards imposed by the Plan, i.e., that she be able unable to engage in any "substantial gainful activity." 42 U.S.C. section 423(d)(1)(A).

4. By this action, LADO seeks to recover (i) all past due LTD benefits plus interest on all overdue payments through the provisions of ERISA, 29 U.S.C. section 1132 (g), ERISA section 502 (g).

## GENERAL ALLEGATIONS

## JURISDICTION AND VENUE

5. Jurisdiction of the court is based upon the ERISA statute; and in particular, 29 U.S.C. section 1132 (e)(1) and 1132 (f). Those provisions give the district court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. section 1132 (a)(1)(B) to recover benefits due under the terms of an employee welfare benefit plan, which in this case, consists of a group disability income insurance plan. Those provisions also permit suit to enforce rights under the terms of a plan and to clarify rights to future benefits under the terms of a plan.

6. This action may also be brought before this court pursuant to 28 U.S.C. section 1331; which gives the district court jurisdiction over actions that arise under the laws of the United States.

7. The ERISA statue, 29 U.S.C. section 1133, provides a mechanism for administrative or internal appeal of benefit denials.

8. All avenues of said administrative or internal appeal of benefit denials have been exhausted.

9. Venue is proper in the District Court of New Jersey pursuant of 29 U.S.C. section 1132(e)(2) and 28 U.S.C. section 1391.

## THE PARTIES AND PROCEDURE

10. At all times relevant hereto, Plaintiff LADO, currently age 55, is and was a citizen of New Jersey, residing at 870 Powell Street, Gloucester City, County of Camden, and the events, transaction, and occurrences relevant to LADO's claim for LTD benefits occurred in the District of New Jersey.

11. At all times relevant hereto, the PLAN constituted an "employee welfare benefit plan" as defined by 29 U.S.C. sections 1002(1); and incident to her employment with Anderson, Jackson and Metts, LADO received coverage as a "participant" as defined by 29 U.S.C. section 1002 (7).

12. Defendant HARLEYSVILLE is a subsidiary of NATIONWIDE, with its principal place of business in Lexington, Kentucky. HARLEYSVILLE transacts business in the State of New Jersey under the registered service mark of HARLEYSVILLE and insures and underwrites the PLAN under which LADO has brought this claim.

13. At all relevant times, HARLEYSVILLE was designated as the claim administrator of the Anderson, Jackson and Metts long-term disability Plan and are paid from the general assets of the Plan Sponsor.

14. At all relevant times, HARLEYSVILLE was designated as the Administrator of the LTD Plan.

15. At all relevant times, HARLEYSVILLE exercised authority and control over the payment of LTD benefits and underwrote and administered the payment of LTD benefits.

16. At all times relevant to the claims asserted in this Complaint, HARLEYSVILLE was a fiduciary of the PLAN within the meaning of ERISA 29 U.S.C. section 1003, 29 U.S.C. section 1002(21)(A).

17. N.J.A.C. section 11:4-58.3, invalidates any clause in an insurance policy or Plan which designates sole discretion to decide ERISA benefit claims to an insurance company as of January 1, 2008

18. The standard of review for this action is de novo.

19. There is no lawful discretion granted to the Defendant in the LTD Plan.

20. Defendant has significant financial conflicts of interest with respect to handling, monitoring and denying LADO's claim for disability benefits.

21. Defendant was influenced by its financial conflict of interest in the process of handling the claim and then denying further benefits.

## THE DISABILITY CONTRACT

22. Pursuant to HARLEYSVILLE's February 14, 2014 and January 6, 2015 denial letters, "disability" is defined as follows:

*"An employee will be considered Totally Disabled if, because of Injury or Sickness, he is unable to perform all the essential duties of his occupation.*

*After monthly benefits have been payable for 24 months, an Employee will be considered Totally Disabled only if, because of Injury or Sickness, he is unable to perform all the essential duties of any occupation for which he is or may reasonably become qualified based on his education, training, or experience."*

LTD Plan section 4.

23. The LTD plan is underwritten by insurance, Group Policy No. G 2659, issued by HARLEYSVILLE and purchased by Anderson, Jackson and Metts with an effective date of March 1, 2000, as set forth on the front of the certificate of coverage.

## STATEMENT OF FACTS

24. Prior to the onset of disability, LADO was employed as a customer service representative by Anderson, Jackson and Metts.

25. At all times relevant hereto, LADO'S position as a customer service representative entailed the following duties: interacted with clients, filed documents, rated

5

insurance, compared insurance policies, took insurance claims and other duties related to commercial insurance accounts.

26. LADO was forced to cease working as a customer service representative on May 9, 2008, due to functional physical and cognitive limitations caused by cervical spondylosis, cervical myelopathy, fibromyalgia and a cerebral vascular accident among other impairments.

27. LADO made a claim for benefits received January 28, 2009 and benefits were paid through February 4, 2014.

28. At HARLEYSVILLE'S encouragement and direction, LADO filed an application for Social Security Disability benefits, which was approved.

29. Although LADO's condition had not improved and her disabling symptoms persisted HARLEYSVILLE sent LADO letters dated February 14, 2014 and January 6, 2015 notifying her that benefits were and had been terminated as of February 5, 2014. The February 14, 2014 denial had been appealed on July 30, 2014.

30. According to HARLEYSVILLE, the medical evidence demonstrated that LADO was not prevented from performing the essential duties of "Any Occupation" and therefore no longer met the Plan's definition of disability.

31. The record includes supportive medical evidence by Dr. Thomas Mirsen, a neurologist. Dr. Mirsen's records are consistent with his medical opinion that LADO is disabled from all work. Dr. Mirsen's records and statements are evidence of his recognition of LADO's chronic pain and fatigue. LADO even underwent a multi-level cervical disectomy. The records also include medical documentation and comments of Dr. Armando Montiel who indicated that LADO was incapable of working as a result of significant cognitive and physical difficulties. Other medical evidence also supports the disabling impact of LADO's conditions on her ability

to function on a day to day basis. Additionally, HARLEYSVILLE has possessed the favorable determination by the Social Security Administration signifying that LADO is unable to engage in "any substantial gainful activity" pursuant to 42 U.S.C. section 423(d)(1)(A).

32. All required administrative appeals seeking reinstatement of LTD benefits have been exhausted. Therefore, this matter is ripe for judicial review related to the LTD claim.

33. The evidence submitted to Defendant established that LADO met and continues to meet PLAN's definition of disability thereby entitling her to all unpaid LTD benefits due since February 5, 2014, along with interest on all unpaid and overdue benefits; as well as a judicial declaration of LADO's continued entitlement to benefits subject to the PLAN'S terms and conditions.

## PRAYER FOR RELIEF

**WHEREFORE**, LADO prays for the following relief:

A. That the Court enters judgment in favor of LADO and against HARLEYSVILLE and that the Court order payment of all LTD benefits owed LADO to date.

B. That the Court order Payment of prejudgment interest on all LTD benefits that have accrued prior to the date of judgment;

C. That the Court determine and declare that LADO is entitled to ongoing benefits subject to the PLAN'S terms and conditions;

D. That the Court award LADO attorney's fees pursuant to 29 U.S.C. section 1132(g) and ERISA section 502(g); and

E. That LADO recover any and all other penalties, damages and relief to which she may be entitled, as well as the cost of the suit.

Respectfully submitted,

*/s/ Alan H. Sklarsky*

By:_____

Alan H. Sklarsky, Esquire
**WILLIAMS CUKER BEREZOFSKY, LLC**
210 Lake Drive East Suite 101
Cherry Hill, NJ 08002
Phone: (856) 667-0500
Facsimile: (856) 667-5133
asklarsky@wcblegal.com

*Attorney for Karen Lado*

Dated:  February 6, 2017

8